UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **ELIZABETH GARCIA FERNANDEZ, A# 246 278 421, BY NEXT FRIEND, ANDRES GARCIA,** | § § § § |
| Petitioner, | § § |
| v. | § § SA-26-CV-00912-JKP |
| **WARDEN Karnes County Immigration Processing Center, ET AL.,** | § § § § |
| Respondents. | § § § |

**SHOW CAUSE ORDER**

Before the Court is a *pro se* 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus filed by Andres Garcia as "next friend" on behalf of Elizabeth Garcia Fernandez. (ECF No. 1). Fernandez is currently detained at the Karnes County Immigration Processing Center. (*Id.*). Upon review, the Court orders Fernandez, for the reasons stated herein, to show cause why the Petition should not be dismissed.[1]

The § 2241 Petition, which seeks Fernandez's release from detention, was filed on her behalf by her brother, Garcia, as "next friend." (ECF No. 1). Next–friend standing is available only when the "real party in interest is unable to litigate [her] own cause due to mental incapacity, lack of access to court, or other similar disability." *Whitmore v. Arkansas*, 495 U.S. 149, 165 (1990). The Court finds Garcia has not demonstrated standing to initiate this action on behalf of Fernandez. (ECF No. 1).

---

[1] Generally, the Court requires the individual asserting "next friend" standing to respond to a Show Cause Order such as this. However, Garcia, who purports to act as next friend on behalf of Fernandez, failed to provide this Court with any contact information. (ECF No. 1). Accordingly, the Court must serve the Show Cause Order on Fernandez alone and she must respond to avoid dismissal.

Garcia does not state any valid legal ground establishing standing to initiate this action on behalf of Fernandez. (*Id.*). Their relationship as siblings does not establish give Garcia standing or establish that Fernandez is incompetent to initiate a habeas proceeding on her own behalf. *See Pressley ex rel. Gakou v. Warden of Pike Cnty. Corr. Facility*, No. 25-cv-2160, 2025 WL 3232939, at *2 (M.D. Pa. Nov. 19, 2025) (finding that next friend lacked standing to assert claims on behalf of real party in interest suffering from "distress and confusion"). Moreover, it cannot be said that Fernandez, by mere virtue of her detention, lacks access to this Court. She has the same access as other detainees who have filed petitions in this Court on their own behalf.

Importantly, even if Garcia could establish standing to bring this action as "next friend" on behalf of Fernandez, as a non–attorney he is prohibited from doing so. Section 1654 of Title 28 of the United States Code states that "[i]n all courts of the United States the parties may plead and conduct their own cases *personally or by counsel*." 28 U.S.C. § 1654 (emphasis added). Courts have interpreted this provision to comprehensively list all the ways that a party may appear in federal court. *Raskin on Behalf of JD v. Dallas Indep. Sch. Dist.*, 69 F.4th 280, 283 (5th Cir. 2023) (citing *Gonzales v. Garcia*, 157 F.3d 1016, 1021 (5th Cir. 1998)). Thus, under § 1654, "'a party can represent [herself] or be represented by an attorney,' because § 1654 says [s]he can." *Id.* "On the other hand, she 'cannot be represented by a nonlawyer,' because the statute does not include the phrase, 'or by a nonlawyer.'" *Id.* In summary, "[i]n federal court a party can represent [herself] or be represented by an attorney, but cannot be represented by a nonlawyer." *Gonzales*, 157 F.3d at 1021. This mandate applies even in the next–friend context, i.e., a "non–attorney cannot represent another party, even if acting as a next friend." *Banks ex rel. Waymer v. Eddy*, 801 F. App'x 50, 51 (3d Cir. 2020) (per curiam) (collecting cases); *see Painter v. U.S. Att'y Gen.*, No. 08-cv-99,

2008 WL 1883460, at *1 (E.D. Tex. Apr. 25, 2008) ("Jack Painter does not state he has been admitted to the bar of this or any other court. . . . As a result, the court may not consider a pleading filed by Jack Painter on behalf of Richard Painter."). Thus, Fernandez may represent herself in this matter, but she may not be represented by Garcia, a non–attorney; rather, Fernandez must represent herself or obtain counsel. *See Raskin*, 69 F.4th at 283; *Gonzales*,   157 F.3d at 1021.

**IT IS THEREFORE ORDERED** that **within thirty (30) days of the date of this Order**, Petitioner Elizabeth Garcia Fernandez must show cause why this case should not be dismissed by filing a response to the Show Cause Order establishing that she may be legally represented by Andres Garcia.

**If Petitioner Elizabeth Garcia Fernandez fails to comply with this Order, the Petition may be dismissed without prejudice by this Court without further notice for want or prosecution and failure to comply with this Court's Order.** *See* Fed. R. Civ. P. 41(b).

It is so **ORDERED**.

SIGNED this 24th day of February, 2026.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE